IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Raqib Abdul Al-Amin, ) | C/A No. 0:10-2023-CMC-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| Robert M. Stevenson, III, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Petitioner Raqib Abdul Al-Amin, a self-represented state prisoner, filed this habeas action pursuant to 28 U.S.C. § 2254. This matter is before the court on multiple motions filed Al-Amin regarding the appointment of counsel (ECF Nos. 14 & 33) and various discovery issues (ECF Nos. 15, 16, 27, 28, & 39).

**A.     Motions for Appointment of Counsel**

There is no right to appointed counsel in habeas cases. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); Hunt v. Nuth, 57 F.3d 1327, 1340 (4th Cir. 1995). Attorneys may be appointed for a person "seeking relief under section 2241, 2254, or 2255 of title 28" when "the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). Counsel may be appointed when counsel is necessary for effective discovery and must be appointed when evidentiary hearings are required. See Rules Governing § 2254 Cases, Rules 6(a) & 8(c), 28 U.S.C. foll. § 2254. At this time, no evidentiary hearing has been set in this case and the questions presented are not so complex as to require an attorney to effectively argue them for the Petitioner. Accordingly, the Petitioner's request for counsel to be appointed under the Criminal Justice Act, 18 U.S.C. § 3006A(a)(2)(B), is denied. (ECF Nos. 14 & 33.)

B.     **Motions for Discovery**

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997). However, "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of [her] discretion and for good cause shown grants leave to do so, but not otherwise." Rules Governing § 2254 Cases, Rule 6(a), 28 U.S.C. foll. § 2254. "Such 'good cause' will exist when 'specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief.' " Wolfe v. Johnson, 565 F.3d 140, 165 n.36 (4th Cir. 2009) (quoting Bracy, 520 U.S. at 908-09) (omissions in original).

In this case, Al-Amin has filed multiple motions requesting discovery and evidence relating to his criminal trial and the investigation that preceded it. Many of these requests appear to essentially request discovery that a state defendant would request prior to his trial under Rule 5 of the South Carolina Rules of Criminal Procedure and under Brady v. Maryland, 373 U.S. 83 (1963). Al-Amin alleges that these discovery requests may lead to exculpatory evidence. Al-Amin also requests that the respondent provide him with copies of all caselaw cited in their pleadings. Al-Amin further filed motions seeking to subpoena the case file of the public defender regarding his 1997 criminal charges from Investigator Caldwell and to subpoena Investigator Neely, Daniel Brown, and Audery Elaine Al-Amin.[1] Al-Amin appears to argue in his motions that this information will help establish an alibi that would have changed the outcome of his criminal trial.

---

[1] The court observes that Al-Amin appears to have withdrawn his request for an evidentiary hearing for the court to consider his allegations of "newly discovered evidence." (ECF No. 40.)



Following a review of the discovery sought by Al-Amin, the court finds that Al-Amin's motions merely speculate what he believes this discovery may reveal. Moreover, much of the discovery that Al-Amin seeks either appears to address grounds that the court has found are procedurally barred in the Report and Recommendation issued contemporaneously with this Order or does not appear to be related to any ground raised in Al-Amin's Petition. Accordingly, Al-Amin has failed to show reason to believe that the discovery he seeks will assist him in demonstrating that he is entitled to relief. Therefore, Al-Amin has failed to show "good cause" for discovery under Rule 6(a).

Accordingly, Al-Amin's motions with regard to discovery (ECF Nos. 15, 16, 27, 28, & 39) are denied.

**IT IS SO ORDERED.**

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

July 12, 2011
Columbia, South Carolina