IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

Raqib Abdul Al-Amin,                    )         C/A NO. 0:10-2023-CMC-PJG
                                        )
              Petitioner,               )
                                        )         **OPINION and ORDER**
       v.                               )
                                        )
Robert M. Stevenson, Warden,            )
                                        )
              Respondent.               )
_____ )

        This matter is before the court on Petitioner's *pro se* application for writ of habeas corpus,

filed in this court pursuant to 28 U.S.C. § 2254.

        In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(c), DSC, this

matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and

a Report and Recommendation ("Report").  On July 12, 2011, the Magistrate Judge issued a Report

recommending that Petitioner's motions for summary judgment (Dkt. Nos. 13 & 31) be denied,

Respondent's motion for summary judgment (Dkt. #22) be granted and this matter dismissed with

prejudice.  The Magistrate Judge advised the parties of the procedures and requirements for filing

objections to the Report and the serious consequences if they failed to do so.  Petitioner filed

objections to the Report on July 19, 2011, as well as a motion to stay (Dkt. #46, filed July 19, 2011).

        The Magistrate Judge makes only a recommendation to this court.  The recommendation has

no presumptive weight, and the responsibility to make a final determination remains with the court.

*See Mathews v. Weber*, 423 U.S. 261 (1976).  The court is charged with making a *de novo*

determination of any portion of the Report of the Magistrate Judge to which a specific objection is

made.  The court may accept, reject, or modify, in whole or in part, the recommendation made by

1

the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b).

After conducting a *de novo* review of those matters as to which an objection was made, and considering the applicable law, the Report and Recommendation of the Magistrate Judge, and Petitioner's objections, the court agrees with the conclusions of the Magistrate Judge. Accordingly, the court adopts and incorporates the Report and Recommendation in full.

Petitioner's "objections" consist, for the most part, of reargument of the issues raised in the petition and in opposition to Respondent's motion for summary judgment. Additionally, Petitioner's objections seek to cure the default of many of Petitioner's claims, purporting to offer "cause" for these various defaulted claims. However, none of the objections cure the deficiencies of Petitioner's defaulted claims. As to Petitioner's claims which are not defaulted and were addressed on the merits in the Report, Petitioner's objections present no argument how the Report erred in its deferential review of the state court decision. Therefore, Petitioner's objections are without merit.

Petitioner seeks to stay this court's consideration of the petition because he has purportedly filed a new Post-Conviction Relief (PCR) action in state court. Petitioner contends that he filed a new PCR action on June 7, 2011. Petitioner maintains that he has newly discovered evidence which "will exonerate the Petitioner of his murder conviction." Mot. at 2.

In *Rhines v. Weber*, 544 U.S. 269 (2005), the Supreme Court approved a "stay and abeyance" procedure that district courts can use when presented with "mixed" petitions; that is, petitions containing exhausted and unexhausted claims. *Id.* at 275. Under this procedure, rather than dismissing a mixed petition, a district court can stay the petition and hold it in abeyance while the petitioner exhausts the unexhausted claims. *Id.* Once all of the claims have been exhausted, the district court can lift the stay and adjudicate the petition. *Id.* The Court recognized, however, that

2

applying the "stay and abeyance" procedure could undermine Congress' design in the AEDPA to encourage finality in criminal proceedings and to streamline the federal habeas process. *Id.* at 277. To obtain a stay of a mixed petition, the petitioner must show "good cause" for failing to exhaust his state remedies, that his unexhausted claims are potentially meritorious, and that he has not engaged in dilatory tactics. *Rhines*, 544 U.S. at 278.

The current petition contains several claims which were defaulted by Petitioner's failure to present them to the state courts prior to their inclusion in this habeas petition. To the extent Petitioner now seeks to stay consideration of this petition to return to the state courts to "properly" exhaust these claims, Petitioner does not meet the "good cause" requirement of *Rhines*. While he claims to have "newly discovered evidence" which he contends will exonerate him, he provides no evidence or authority to show that the state courts would not find a new PCR barred as either untimely or successive. Therefore, Petitioner's motion to stay is **denied**.

Petitioner's motions for summary judgment are **denied**.[1] Respondent's motion for summary judgment is **granted** and this petition is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:
(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any

---

[1] Petitioner's motion for summary judgment filed October 5, 2010 (Dkt. #13), is based on Respondent's alleged failure to file a timely response to the petition. However, Respondent's Return and Motion for Summary Judgment was timely filed, as Respondent sought and received two extensions of time to file its Return.

dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee,* 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

     **IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MᴄGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
August 5, 2011